IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY BUSSIE,

           Plaintiff,           OPINION AND ORDER

v.

                                         13-cv-476-wmc

ATTORNEY GENERAL, *et al.*,

           Defendants.

ANTHONY BUSSIE,

           Plaintiff,           OPINION AND ORDER

v.

                                         13-cv-477-wmc

FEDERAL ELECTION COMMISSION, *et al.*,

           Defendants.

Plaintiff Anthony Bussie (#64105-050) is a pretrial detainee in custody at the Federal Detention Center in Philadelphia, Pennsylvania. Pending before the court are two proposed civil actions against random federal officials and agencies. Bussie has filed a motion for leave to proceed *in forma pauperis* in both cases. Because Bussie is incarcerated, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(b), requires this court to screen his complaints and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who by law cannot be sued for money damages.

In addressing any *pro se* litigant's pleadings, the court must read the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient

standard, the court concludes that these complaints must be dismissed for reasons set forth briefly below.

## FACTS

Bussie is presently in custody pursuant to a federal indictment, charging him with threatening to harm a United States congressman. *See United States v. Bussie*, 12-cr-229 (D.N.J.). Court records reflect that this case has been continued indefinitely because Bussie suffers from a mental disease that has rendered him incompetent to stand trial. Giving both of his complaints the most generous interpretation possible, both proposed civil actions are a testament to that diagnosis.

In Case No. 13-cv-476, Bussie sues the United States Attorney General, the Department of Justice Civil Rights Division, Senator Patrick Leahy, Congressman Robert E. Andrews, former President William J. Clinton, former President George W. Bush, Jr., President Barack Obama, the United States Air Force, Senator Harry Reid, Senator Mitch McConnell, House Speaker John Boehner, Minority Leader Nancy Pelosi, the Congressional Committee on Ethics, and several state agencies. In Case No. 13-cv-477, Bussie sues the Federal Election Commission, the "House of Congress Employment," and many of the same defendants listed in Case No. 13-cv-476.

Both of Bussie's proposed complaints feature rambling, incoherent prose that appears to invoke 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and the Tucker Act, 28 U.S.C. § 1491. Bussie seems to acknowledge that he suffers from a mental disorder and that he is in custody as the result

of criminal charges. To the extent that one can be discerned, the common theme of both complaints appears to be that the criminal charges against him are the product of ethical violations and other "white collar crimes" perpetrated by one or more of the defendants. He takes issue in particular with Congressman Andrews. Woven throughout the accusations of wrongdoing by Andrews and other defendants, are allegations that Bussie has been denied compensation pursuant to an employment contract with the United States for foreign intelligence services performed in the wake of 9/11 and the war in Iraq.

In a somewhat similar complaint, Bussie sought $50 million dollars for paranormal or "psychic work" performed on behalf of the United States. That complaint was dismissed by the United States Court of Federal Claims and the Court of Appeals for the Federal Circuit. *See Bussie v. United States*, 96 Fed. Cl. 89 (Jan. 12, 2011), *aff'd*, 443 F. App'x 542, 2011 WL 468788 (Fed. Cir. Oct. 7, 2011) (per curiam). A national database of court records reflects that Bussie has filed at least 26 other civil actions in the federal district courts within the last two years, ten of which were submitted in the past three months. A cursory review of these recently filed complaints reveals content that is similar to the pending proposed actions in Case Nos. 13-476 and 13-477. It further appears from this review that Bussie has filed these actions scattershot across the country to avoid a preclusion order entered against him by the District Court for New Jersey, barring him from filing any actions "pertaining to (1) his alleged entitlement to monetary damages arising out of an intelligence and war contract with the United States Government or (2) alleged misconduct by government officials pertaining to the enforcement of his alleged intelligence and war contract with the United States

government." *Conjured Up Entertainment v. United States*, No. 11-2824 (D.N.J. July 26, 2011) (Dkt. # 9, at 3-4).

## OPINION

Although pro se pleadings are entitled to a liberal construction, *Haines*, 404 U.S. at 521, a *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325). Stated another way, a complaint is factually frivolous if its allegations are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted). The garbled allegations featured throughout both of Bussie's proposed complaints clearly fit this category and are therefore subject to dismissal as factually frivolous.

Likewise, both of Bussie's proposed complaints repeat allegations that have been rejected as frivolous by another federal district court. *See Bussie v. Dep't of Commerce*, No. 12-cv-792 (E.D. N.C. March 12, 2013) (Dkt. # 8). Repetitive allegations of the sort made by Bussie are considered malicious and are grounds for dismissal under the PLRA. *See Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983) (noting that it is "malicious" for a pro se litigant to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff) (citations omitted). For other reasons that require no further elaboration, litigants are not allowed to pursue claims that have been raised and rejected previously by

4

other federal courts. *See Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984) (explaining that the doctrine of res judicata is designed to protect litigants from facing multiple lawsuits and "to enhance judicial economy by prohibiting repetitive litigation"). To the extent that Bussie has made duplicative claims that have been adjudicated elsewhere, he may not proceed with those same allegations here. Therefore, both of Bussie's proposed complaints will be dismissed.

## ORDER

IT IS ORDERED that:

1. The motion by plaintiff Anthony Bussie for leave to proceed *in forma pauperis* is DENIED.

2. The proposed complaints filed by Bussie in Case Nos. 13-467 and 13-477 are DISMISSED as frivolous and malicious for purposes of 28 U.S.C. § 1915A(b).

3. The clerk of court shall provide a copy of this order to plaintiff and to the official having charge of his custody at the Federal Detention Center in Philadelphia, Pennsylvania.

Entered this 30th day of July, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge